IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

       Petitioner,

vs.                                             No. CV 18-00283 KG/KRS

TIMOTHY HATCH and
NEW MEXICO DEPARTMENT OF CORRECTIONS,

       Respondents.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Nick James Gonzales on March 26, 2018.  (Doc. 1).  The Court will dismiss the Petition.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Nick James Gonzales was convicted in 1997 on a state criminal charge of First-Degree Murder and is serving a 30-year sentence in the custody of the New Mexico Department of Corrections. Gonzales was not charged with or convicted of any sex offense.  In this case, Gonzales does not contest his state court criminal conviction or sentence. Instead, he seeks habeas relief from alleged deprivation of good time credits and other privileges by the New Mexico Department of Corrections.  (Doc. 1) at 1.

Gonzales filed his § 2254 Petition on March 26, 2018.  (Doc. 1).  In his Petition, Gonzales claims he was deprived of good time credits and privileges in violation of his due process rights and rights under the Eighth Amendment.  (Doc. 1) at 2-3.  Gonzales alleges that he

1

experienced childhood trauma and suffers from sexual addiction.  He was involved in a sexual misconduct incident at the prison.  He claims that Department of Corrections rules and regulations allowed the disciplinary officer to inflict punishment including forfeiture of good time, loss of all privileges, phone visits, and canteen in addition to placement in maximum security.  (Doc. 1) at 2-3.  The relief he requests is rewriting of New Mexico Department of Corrections Rule 8 and reinstatement of his good time.  (Doc. 1) at 3.

Petitioner Gonzales filed a petition for writ of habeas corpus in Eighth Judicial District, State of New Mexico, cause no. D-818-CV-2017-00037, raising the same due process and Eighth Amendment issues.  (Doc. 1) at 4.  The Court has reviewed the official record in Petitioner's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records in D-818-CV-2017-00037.  *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

The New Mexico Attorney General responded to the habeas corpus petition on behalf of the New Mexico Department of Corrections and attached the Department of Corrections' disciplinary record to the response.  The record supplied included:

1. New Mexico Department of Corrections Inmate Misconduct Report stating that Gonzales engaged in major sexual misconduct in a female caseworker's office;

2

> 2. Disciplinary Hearing Officer's Findings and Recommendations, recommending a major level hearing on the sexual misconduct charge;
> 3. Offender Disciplinary History for Gonzales consisting of a four-page list of prior major and minor disciplinary infractions;
> 4. Disciplinary Officer's Investigation Report;
> 5. Good Time Figuring Sheet for Gonzales;
> 6. New Mexico Corrections Department Disciplinary Decision noting that Gonzales had submitted a statement admitting to the charges and finding Gonzales guilty of Major Level Sexual Misconduct A21 based on the evidence;
> 7. Summary of Evidence and Proceedings for the major misconduct hearing.

(Response to Petition for Writ of Habeas Corpus in D-818-CV-2017-00037, pp. 7-22). Applying the standards of *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974), the Department of Corrections argued that Gonzales had been afforded due process, the loss of good time credits and privileges was within the range of discipline permitted by Department of Corrections regulations and the loss of his good time credits was not excessive in light of the evidence and Gonzales' extensive prior disciplinary history. (Response to Petition for Writ of Habeas Corpus in D-818-CV-2017-00037). The state court held an evidentiary hearing on January 22, 2018. (Hearing TAP in D-818-CV-2017-00037).

Based on the disciplinary record and evidentiary hearing record, the state court summarily dismissed his petition on the merits, holding that Gonzales was not entitled to habeas corpus relief. (Doc. 1) at 4. The Order Dismissing Petition for Writ of Habeas Corpus summarized Gonzales' claims: "Petitioner requested therapy for childhood trauma and sex offender treatment from the department of corrections and is being unfairly punished from acting in conformity with his untreated afflictions." (Doc. 1) at 4. In reaching its decision to dismiss, the state court applied state and federal constitutional law, citing *Estelle v. Gamble*, 429 U.S. 97 (1976) (in order to state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference).

The Court concluded, based on the evidentiary record, that Gonzales had not demonstrated evidence of omissions of treatment sufficient to demonstrate harmful indifference to Petitioner's condition or that treatment would have necessarily prevented the Petitioner's voluntary or involuntary actions of sexual misconduct.  (Doc. 1) at 4-5.  The state court upheld the Department of Corrections' forfeiture of Petitioner's good time credits and loss of privileges.  (Doc. 1) at 4-5.  The New Mexico Supreme Court then denied Gonzales' Petition for Writ of Certiorari on January 31, 2018.  (Doc. 1) at 6.

## THE STANDARD FOR § 2254 HABEAS CORPUS REVIEW

Gonzales is proceeding in this Court under 28 U.S.C. § 2254.  A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.  Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a).  Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968).  Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under §

2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

## ANALYSIS OF PETITIONER 'S § 2254 CLAIMS

Deprivation of a prisoner's earned good time credits implicates the prisoner's liberty interests and the Fourteenth Amendment requires due process in the disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). In general, the process due in prison disciplinary proceedings includes: (1) written notice of the claimed violations; (2) disclosure of evidence against the prisoner; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a neutral and detached hearing officer; and (6) a written statement by the factfinders as to the evidence relied on and reasons for the decision. *Wolff*, 418 U.S. at 559.

In administrative proceedings, such as prison disciplinary actions, due process does require that there be some evidence to support the decision to revoke good time credits. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Willis v. Ciccone,* 506 F.2d 1011, 1018 (8th Cir. 1974). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context.  *Compare Jackson v. Virginia,* 443 U.S. 307, 313-316 (1979) *with Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. See *Wolff,* 418 U.S., at 562–563, 567–569.

Gonzales claims that he was deprived of goodtime credits in violation of his due process rights.  As with his state habeas corpus petition, Gonzales does not specifically identify any of the process identified in *Wolf*.  Further, the disciplinary record shows that Gonzales received written notice of the claimed violations, that the evidence against him was disclosed and he admitted the charges, that he was given an opportunity to be heard, including the right to confront and cross-examine adverse witnesses, that the charges were heard by a neutral and detached hearing officer, and there was a written statement by the factfinder as to the evidence

relied on and reasons for the decision. (Response to Petition for Writ of Habeas Corpus in D-818-CV-2017-00037, pp. 7-22). The disciplinary proceedings afforded Gonzales all due process required under federal law. *Wolff*, 418 U.S. at 559.

Gonzales also argues that the Hearing Officer should not have been permitted to punish or sanction Petitioner for the sexual misconduct incident and that the loss of good time and privileges violated the Eighth Amendment. (Doc. 1) at 2-3. The state court concluded that the prison disciplinary record did not support any basis for relief on Gonzales' claim that the deprivation of goodtime credits was contrary to due process or in violation of the Eighth Amendment. (Doc. 1) at 4. The disciplinary record attached to the Department of Corrections' Response in state court shows that there was evidence to support the Hearing Officer's decision, including the statement of the female caseworker and Gonzales' admission of the charges, and that record supports the state court's denial of Gonzales' state court Petition. (Response to Petition for Writ of Habeas Corpus in D-818-CV-2017-00037, pp. 7-22; Doc. 1 at 6).

The state court's decision is not contrary to or an unreasonable application of clearly established Federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *Pinholster*, 563 U.S. at 181-182. Instead, the state court's analysis and conclusions are consistent with U.S. Supreme Court due process and Eighth Amendment precedents as set out in *Estelle v. Gamble*, 429 U.S. at 106 and *Wolff*, 418 U.S. at 559. Applying the highly deferential standard of § 2254(d), this Court concludes that Gonzales is not entitled to relief on his Fourteenth Amendment due process claim or his Eighth Amendment cruel and unusual punishment claim. *Woodford v. Visciotti,* 537 U.S. at 24; *Gwinn v. Miller,* 354 F.3d 1211, 1227–28 (10th Cir.2004)

(the loss of privileges and good-time credits as a disciplinary measure does not rise to the level of cruel and unusual punishment).

Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court determines that Petitioner Gonzales has not made a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Nick James Gonzales (Doc. 1) is DISMISSED with prejudice and a Certificate of Appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE